UNITED STATES of America, Plaintiff,

v.

Walter ESPOSITO, Defendant.

Crim. A. No. 89–036.

United States District Court,
D. New Jersey.

Dec. 8, 1989.

David A. Ruhnke, Buhnke & Barrett, West Orange, N.J., for defendant.

V. Grady O'Malley, Sp. Atty., and Samuel A. Alito, Jr., U.S. Atty., Newark, N.J., for plaintiff.

## OPINION AND ORDER

POLITAN, District Judge.

This matter comes before the Court on defendant Walter Esposito's motion to dismiss the Indictment on the grounds that this criminal prosecution is barred by principles of double jeopardy and collateral estoppel and also is a "vindictive prosecution" which deprives him of due process. On February 1, 1989, a three count Indictment was returned by the grand jury charging defendant Esposito with three separate acts of cocaine distribution alleged to have occurred on December 5, 1984 (Count One), December 20, 1984 (Count Two), and January 9, 1985 (Count Three). This Indictment was returned approximately five months after Esposito was acquitted of all charges against him in the District of New Jersey in *United States v. Accetturo*, Criminal No. 85–292.

Walter Esposito was named as a defendant in Counts One, Two, Three and Four of the *Accetturo* Indictment. Count One named twenty defendants and charged a RICO conspiracy spanning approximately nine (9) years. The specific overt acts alleged in the drug aspect of the RICO conspiracy included a reference to "the latter part of 1984 and early 1985, [when] the defendant Walter Esposito and co-conspirator Marianne Esposito sold multi-ounces of cocaine to a customer in New Jersey." Count Two, the substantive RICO charge, also named twenty defendants. Esposito was included as a participant in four acts of racketeering. First, defendant was alleged to have participated in a cocaine distribution conspiracy operating from 1977 to July of 1985. In addition, defendant was alleged to have committed three separate overt acts of cocaine distribution during approximately November 1984, December 1984, and January 1985. In Count Three, Esposito was charged, along with seven other defendants, in a straight drug conspiracy operating between approximately September 1982 and July 1985. Finally, in Count Four, Esposito was alleged to have committed one act of distribution and aiding and abetting distribution of a quantity of cocaine, occurring in or about late November 1984.

Virtually all the evidence proffered during the *Accetturo* trial which implicated defendant Esposito was presented on a single day through the testimony of FBI agent Dennis J. Marchalonis. Agent Marchalonis testified that cocaine was purchased on four different occasions by a cooperating witness from the defendant Esposito. The first transaction occurred on November 21, 1984 and involved an ⅛ of an ounce of cocaine. On December 5, 1984 a second purchase of 1 ounce of cocaine was made by the cooperating witness from defendant Esposito. A third transaction took place on December 20, 1984. The final transaction occurred on January 9, 1985.[1] Only the transaction in November 1984 was charged as a separate substantive offense in the *Accetturo* Indictment. The other transactions, two in December 1984 and the single transaction in January 1985, are the ones which form the basis of the substantive distribution charges contained in the instant Indictment.

1. As part of the Agent's testimony, photographs taken during the drug transactions were marked and introduced into evidence. In addition, several consensual tape recordings of conversations between the cooperating witness and defendant Esposito were played for the jury. Each of the recordings were monitored at the time of the drug transaction by Agent Marchalonis.

Defendant makes several arguments in support of the motion to dismiss this second Indictment: collateral estoppel; the double jeopardy ban on multiple and fragmented prosecutions; and, prosecutorial vindictiveness as violative of due process.

■■■ There are two principles of collateral estoppel in criminal cases. Under constitutional collateral estoppel, reprosecution is barred where a jury's acquittal of the defendant in the first prosecution necessarily was grounded upon its resolution of a particular issue that is essential to the defendant's conviction in the second prosecution. *See Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Under doctrinal collateral estoppel, the government may not relitigate a particular issue in a subsequent criminal case even if a contrary resolution of that issue is not necessary to convict the defendant of the charges contained in the second indictment. *See United States v. Keller,* 624 F.2d 1154 (3d Cir.1980).

Recently, the Third Circuit applied constitutional and doctrinal collateral estoppel in *United States v. Salamone,* 869 F.2d 221 (3d Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 246, 107 L.Ed.2d 196 (1989). In that case, the defendant was named in a prior Indictment in the Southern District of New York and charged with drug trafficking conspiracy and racketeering (RICO), as well as money laundering conspiracy and substantive money laundering. The defendant was convicted on both money laundering counts but was acquitted on the drug trafficking conspiracy and racketeering counts.

As overt acts in furtherance of the drug trafficking conspiracy, it was alleged that defendant purchased a number of semi-automatic hand guns using fictitious names. The Indictment further alleged as an overt act the defendant's receipt of various types of hand guns. Defendant was not charged in this prior Indictment with any substantive firearm offenses. *See* 869 F.2d at 222.

Following trial, defendant was charged in a second Indictment with a variety of firearm offenses in violation of federal law.[2] The defendant moved to dismiss the indictment or, in the alternative, to prohibit the introduction of certain evidence admitted in the prior trial in the Southern District of New York under the double jeopardy clause and collateral estoppel. The District Court denied the defendant's motion and the defendant was ultimately convicted.

On appeal, the Third Circuit noted that constitutional collateral estoppel bars reprosecution "where a jury's acquittal of a defendant in a first prosecution necessarily was grounded upon its resolution of a particular issue [and] redetermination of [that] issue would be essential to the defendant's conviction [in the second trial]." 869 F.2d at 226. In addition, the court recognized that under doctrinal collateral estoppel, the government cannot "relitigat[e] the issue even if a contrary resolution is *not* necessary to convict the defendant, but simply would constitute evidence against him or her." *Id.* (emphasis in the original).

The defendant in *Salamone* argued that the second prosecution was barred under constitutional collateral estoppel. However, the Third Circuit reasoned that the Southern District jury did not necessarily ground its particular acquittal of Salamone upon the issues charged in the second indictment (i.e., whether he committed the substantive firearm offenses) and therefore the second prosecution was not barred. "[T]he jury could have decided that Salamone committed the substantive crimes charged in this case, yet lacked the requisite intent to participate in the racketeering enterprise." 869 F.2d at 227. The Court noted that

> it is a prerequisite for the invocation of ... collateral estoppel that the first acquittal foreclose the possibility that a rational jury might base its verdict in the second prosecution upon a ground other than that decided by the first acquittal.

---

**2.** The defendant was tried and convicted of the charges contained in this second indictment; however, this initial conviction was reversed on

appeal because of errors in the jury selection process.

Here, such possibility was not precluded because there is no inconsistency in finding that [defendant] did not participate in a conspiracy ... and in finding that in fact he did [commit the substantive offenses].

*Id.* at 228 (quoting *United States v. Pappas*, 445 F.2d 1194, 1198 (3d Cir.), *cert. denied*, 404 U.S. 984, 92 S.Ct. 449, 30 L.Ed.2d 368 (1971)).

As an alternative argument, Salamone claimed that the testimony of two specific witnesses should be barred in the second trial because it paralleled their testimony in the prior trial. That testimony related to the separate overt acts which the defendant allegedly committed in furtherance of the overlying conspiracy charges. The Court concluded that under doctrinal collateral estoppel, the mere fact that those specific witnesses testified in the prior trial regarding the substantive offenses did not preclude them from so testifying in the second trial.

Because the New York jury did not necessarily decide that Salamone was innocent of [substantive firearm offenses], the government was entitled to introduce evidence at Salamone's [subsequent] trial to establish that he did in fact commit these offenses even though the evidence paralleled evidence introduced in [the first trial]. 869 F.2d at 229.

In reaching that determination, the Court noted that the challenged testimony was relevant to and in fact did, demonstrate that the defendant committed the substantive offenses. Since the judgment of acquittal in the prior trial did not go to these particular offenses, the jury in the second trial might consistently find that these offenses did, in fact, occur. *See id.* at 229 (quoting *United States v. Pappas*, 445 F.2d at 1199).

▮ In the instant case, Esposito maintains that, under constitutional collateral estoppel, the prior acquittals on Counts One, Two, Three and Four of the *Accetturo* Indictment preclude a redetermination of the defendant's culpability for the three drug transactions charged in the second Indictment. In the alternative, defendant asserts that, under doctrinal collateral estoppel, evidence of criminal conduct presented in the prior trial, in which the defendant was acquitted of all charges, should be inadmissible.

Defendant Esposito was charged in Counts One, Two, Three and Four of the *Accetturo* Indictment. Following the trial of that Indictment, the Court gave detailed charges to the jury regarding the elements of each Count of the Indictment. As to Count One, the Court instructed that to prove the RICO conspiracy against any one defendant, the government must prove five elements.[3] As to Count Two, the Court's charge to the jury was substantially similar to the charge for Count One, except that an additional element was added which must be proven to make out a substantive RICO violation.[4]

It is clear in the instant case, as in *Salamone*, that the jury did not *necessarily* ground its acquittal of Esposito upon a finding that he did not commit the substantive offenses alleged as part of the "overt acts" included in Counts One and Two and charged in the instant Indictment. As in *Salamone*, the jury could have decided that Esposito committed the substantive crimes charged in this case, yet lacked the requi-

---

3. The Court instructed that the government must prove beyond a reasonable doubt:
   1. That an enterprise existed;
   2. That the enterprise engaged in, or that its activities affected, interstate or foreign commerce;
   3. That the defendant was employed by or associated with the enterprise;
   4. That the defendant agreed to participate in the conduct of the affairs of the enterprise by agreeing to commit, aid or abet some other member of the conspiracy in the commission of two or more racketeering acts; and

   5. That the defendant acted with knowledge of the unlawful objective of the conspiracy and with the intent to further that objective.

4. In addition to the basic charge for Count One, the Court instructed that an essential element of Count Two was that the defendant engaged in a pattern of racketeering activity and that through this pattern of racketeering activity, the defendant participated directly or indirectly in the conduct of the affairs of the enterprise.

site intent to participate in the racketeering enterprise or the racketeering conspiracy. In addition, the jury could have concluded that in fact no enterprise existed among the named defendants or that Esposito was not employed by or associated with any organized enterprise or conspiracy. Moreover, no special interrogatories regarding Counts One and Two were submitted to the jury and no available document memorializes specific conclusions reached by the jury as to any evidence presented. Therefore, no accurate analysis of the jury's decision making process is possible. Given these circumstances, this Court can not conclude that the sole basis for acquitting defendant Esposito of the charges in Counts One and Two is the direct consideration and direct rejection of detailed evidence regarding four separate acts cocaine distribution.

As to Count Three of the *Accetturo* Indictment, the Court instructed the jury as to each of the three elements which must be proven by the government.[5] Because this charge also requires proof of several different elements, this Court cannot, with certainty, bar reprosecution of substantive crimes under constitutional collateral estoppel.

Count Four of the *Accetturo* Indictment charges defendant with a single act of distribution and aiding and abetting the distribution of cocaine occurring in November 1984. The jury's acquittal of defendant Esposito regarding this one transaction has no constitutional collateral estoppel effect on the admission of evidence in a subsequent indictment charging three different acts of distribution. It is axiomatic that the defendant may be charged with and prosecuted for each separate act of distribution. That the government decided to prosecute those charges in separate indict-

ment has no bearing on the constitutional collateral estoppel analysis.[6]

Accordingly, reprosecution of the defendant Esposito on substantive cocaine distribution charges, following a prior acquittal in *Accetturo*, is not barred under constitutional collateral estoppel.

■ Doctrinal collateral estoppel is similarly inapplicable. As noted above, that principle prevents the government from relitigating, in a second proceeding, issues previously raised at trial but not necessary to establish the conviction sought at retrial. 869 F.2d at 226. In the instant case, the *Accetturo* jury never affirmatively established whether Esposito executed the drug transactions listed as "overt acts" in Counts One and Two of the Indictment; that conduct was not charged as separate substantive offenses. Nor is evidence of that conduct relevant to the charges made in Counts Three and Four of the *Accetturo* Indictment. To date, then, no jury has been required to consider Esposito's culpability for the specific criminal conduct charged in three separate Counts of the instant Indictment. As a result, the evidence concerning defendant's role in the three separate acts of cocaine distribution is admissible.

Accordingly, doctrinal collateral estoppel does not bar the use of specific evidence to establish that Esposito did in fact commit the substantive offenses charged, even though it parallels evidence previously admitted during a prior prosecution.

■ In his second argument in support of the motion, defendant asserts that the instant Indictment must be dismissed because it violates the protections guaranteed by the double jeopardy clause of the Fifth Amendment of the United States Constitution. Specifically, the defendant argues that he has been subjected to fragmented

---

5. The Court instructed the jury that to prove this charge against any one of the defendants the government must prove each of three elements:
   1. That a conspiracy existed to possess with the intent to distribute and to distribute cocaine and marijuana;
   2. That the defendant became a member of the conspiracy; and

3. That the defendant became a member knowingly and wilful, with knowledge of the unlawful objective of the conspiracy, and with an intent to further that objective.

6. However, this strategy may constitute prosecutorial vindictiveness or fragmentary prosecution. Those issues are discussed *infra*.

and multiple prosecutions for the same offense.

The double jeopardy clause of the Fifth Amendment has been interpreted to guarantee three separate constitutional protections.

It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And, it protects against multiple punishments for the same offense.

*North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted).

In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court held that "[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determined whether there are two offenses or only one, is whether each provision requires proof of a fact that the other does not." 284 U.S. at 304, 52 S.Ct. at 182. The ultimate question of whether two offenses are the same under *Blockburger* is one of legislative intent. *See Garrett v. United States*, 471 U.S. 773, 778, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985).

In *United States v. Grayson*, 795 F.2d 278 (3d Cir.1986), *cert. denied*, 481 U.S. 1018, 107 S.Ct. 1899, 95 L.Ed.2d 505 (1987), the Third Circuit considered whether separate prosecutions and cumulative punishments for a RICO offense and the underlying predicate acts are inconsistent with the double jeopardy clause.[7] In conducting its analysis, the Court reviewed the language and legislative history of the RICO statutes to determine whether Congress envisioned the situation where a defendant is convicted and sentenced for a substantive offense and subsequently charged with a RICO violation based upon that prior conviction. *See* 795 F.2d at 282. The Court concluded that in fact Congress did intend separate prosecutions and cumulative punishments for predicate offenses and substantive RICO violations. *Id.* at 283.

Having made this determination, the Court next considered whether a RICO offense is the "same offense" as one of its predicate acts within the meaning of the double jeopardy clause. Noting that a RICO offense is not, in a literal sense, the "same offense" as one of the predicate acts and that substantive statutes and the RICO statute are intended to deter two different kinds of activities, the Court concluded "a RICO offense may be based in part upon a predicate offense for which the defendant has already been convicted and served a sentence. Hence, successive prosecutions for a RICO offense and its underlying predicate offenses are not inconsistent with the double jeopardy clause." *Id.* at 283 (citations omitted). *See United States v. Liotard*, 817 F.2d 1074, 1077 n. 6 (3d Cir. 1987); *United States v. Boylan*, 620 F.2d 359, 361 (2d Cir.), *cert. denied*, 449 U.S. 833, 101 S.Ct. 103, 66 L.Ed.2d 38 (1980); *United States v. Rone*, 598 F.2d 564, 571 (9th Cir.1979), *cert. denied*, 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980).

The instant case presents the inverse factual circumstance confronting the Court in *Grayson*. In Counts One and Two of the *Accetturo* indictment, the defendant was charged with and tried for conspiracy to violate RICO and substantive violations of RICO. Following acquittal on these two counts, the defendant was indicted on three separate distribution counts. This Court

---

**7.** The defendant in *Grayson* was indicted by a Federal Grand Jury in 1984 along with ten other members of a motorcycle club. The indictment contained charges brought under RICO alleging substantive RICO violations and a conspiracy to violate the RICO statute. In addition, several defendants were charged with various violations of the Comprehensive Drug Abuse Prevention and Control Act of 1970. Following a trial of eight defendants, the jury returned a verdict of guilty as to all defendants on all counts, with few exceptions not relevant here.

At trial, the government introduced proof of two prior convictions of the defendant Grayson. Specifically, Grayson was convicted in 1977 for conspiracy to manufacture methamphetamine and again in 1983 for conspiracy to manufacture phencyclidine. Each of these convictions was offered as evidence of the requisite predicate acts under the RICO counts and the SSE counts. Defendant argued that the admission of this evidence violated his right to be protected from double jeopardy.

cannot find any rational basis for distinguishing between prosecution of the conspiracy counts and then the substantive counts, or as in *Grayson,* prosecution of the substantive counts and then the conspiracy counts. As in *Grayson,* the criminal conduct charged in Counts One and Two of the first indictment is not the "same offense" as the criminal conduct charged in the second indictment; RICO charges are clearly different from cocaine distribution charges. Therefore, successive prosecution for these offenses does not violate the double jeopardy clause.

■ For similar reasons, prosecution of the defendant for participation in a conspiracy to distribute cocaine (Count Three of the *Accetturo* Indictment) does not preclude prosecution for substantive cocaine distribution. It is well established that double jeopardy does not bar separate prosecutions for the substantive offense and conspiracy to commit that offense. *See Pereira v. United States,* 347 U.S. 1, 11, 74 S.Ct. 358, 364, 98 L.Ed. 435 (1954); *United States v. Rabinowich,* 238 U.S. 78, 85, 35 S.Ct. 682, 683, 59 L.Ed. 1211 (1915). In such situations, courts have consistently held that each course of conduct gives rise to a distinct criminal violation and therefore there is no double jeopardy violation. *See, e.g., United States v. Udey,* 748 F.2d 1231, 1237–38 (8th Cir.1984), *cert. denied,* 472 U.S. 1017, 105 S.Ct. 3477, 87 L.Ed.2d 613 (1985); *United States v. Slocum,* 695 F.2d 650, 656–57 (2d Cir.1982), *cert. denied,* 460 U.S. 1015, 103 S.Ct. 1260, 75 L.Ed.2d 487 (1983); *United States v. Pearson,* 667 F.2d 12, 15 (11th Cir.1982); *United States v. Powell,* 632 F.2d 754, 756–58 (9th Cir. 1980).

In the Fourth Count of the *Accetturo* Indictment, defendant Esposito is charged with one substantive count of distribution and aiding and abetting the distribution of cocaine alleged in have occurred in November 1984. The instant Indictment charges defendant with three additional substantive violations of distribution of cocaine: two occurring in December of 1984 and one in January 1985. Evidence of each of these four separate acts of distribution was sub-

mitted to the jury in the *Accetturo* case. There is no doubt that each of these four separate acts of distribution is separately punishable. The question here, however, is whether they are each separately triable. Defendant raises this argument claiming that the government is wrongfully subjecting him to piecemeal and fragmentary prosecution by bringing successive indictments against him for crimes that should have been joined in a single prosecution.

Rule 8(a) of the Federal Rules of Criminal Procedure states

> [t]wo or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged ... are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

This procedural rule is merely permissive; it does not require the government to join all related offenses in the same indictment. *See United States v. Maranzino,* 860 F.2d 981, 983 (10th Cir.1988); *United States v. Rabbitt,* 583 F.2d 1014, 1021 (8th Cir.1978), *cert. denied,* 439 U.S. 1116, 99 S.Ct. 1022, 59 L.Ed.2d 75 (1979). In general, the prosecutor is accorded wide latitude in making determinations regarding joinder of offenses in a single prosecution. *See United States v. Batchelder,* 442 U.S. 114, 124–25, 99 S.Ct. 2198, 2204–05, 60 L.Ed.2d 755 (1979). Therefore, the judiciary should intervene only in the rare situation where the decision regarding prosecution is so abusive of prosecutorial discretion as to encroach on the defendant's constitutionally protected rights.

■ To determine whether the defendant has been subjected to multiple or fragmented prosecutions for the same offense or activity in violation of the double jeopardy clause, this Court looks to the "same evidence test" announced in *Blockburger.* In the instant case, each of the four acts of cocaine distribution involves a separate transaction requiring proof of a fact not required by the other. A fundamental element of each offense is proof of a single

transaction occurring at a distinct time. Proof beyond a reasonable doubt that such transaction occurred, however, does not prove that an identical transaction occurred on any other day. These offenses, occurring at different times, cannot be considered the same for purposes of the double jeopardy clause of the Fifth Amendment. Therefore, the defendant has not been subject to multiple or fragmented prosecutions for the offense or activity.

The case of *United States v. Allen*, 539 F.Supp. 296 (C.D.Cal.1982) is inapposite. In that case, the defendants were charged in successive indictments with separate counts of conspiracy to commit mail fraud and substantive mail fraud. The defendants moved to dismiss the indictment on the grounds that prosecutor's failure to join in one proceeding all the substantive counts constituted a fragmentary prosecution in violation of the double jeopardy clause.

In the course of its analysis, the court stated that "[t]he government is allowed only one attempt to prove the common facts, or elements, between any two offenses." *Id.* at 313. The court concluded, "[i]n the case at bar, a common core of fact—the scheme to defraud—connects all the substantive counts. Indeed, that common core constitutes the principal element of proof in each separate count." *Id.* "[B]ecause a material part of the new substantive counts—the scheme to defraud—has been previously tried, the government may not relitigate that issue." *Id.* at 314. Therefore, the substantive counts in the second indictment were dismissed.

In the instant case, unlike *Allen*, the principal element of proof in each separate count is different. Each separate count requires proof that the drug transaction did in fact occur on the particular day in question. Among the four transactions which Esposito is alleged to have executed, there can be no similarity of proof as to this element. Admittedly, there are other elements of proof which do overlap. However, that alone is not sufficient to require joinder of all substantive counts in one indictment.

Accordingly, this Court concludes that the second indictment charging three separate incidents of substantive cocaine distribution does not constitute a multiple or fragmentary prosecution which violates the principles of the double jeopardy clause of the Fifth Amendment.

■ Defendant's final argument is that the circumstances of this indictment establish prosecutorial vindictiveness and therefore, due process requires dismissal of the indictment. In *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the Supreme Court held that a due process violation arises when a prosecutor "ups the ante" by bringing a more serious charge against a defendant who exercises his statutory right of appeal on a prior conviction for a lesser offense. *See* 417 U.S. at 27–29, 94 S.Ct. at 2102–03. Actual vindictiveness in charging the more serious offense is not required; rather, a presumption of vindictiveness will arise if the possibility of increased punishment poses a realistic likelihood of a vindictive motive. *See id.* at 27, 94 S.Ct. at 2102.

The record before the Court in the instant case does not suggest that, by re-indicting Esposito on separate substantive offenses, the government has "upped the ante". The second indictment does not charge the defendant with an offense more serious than any that was charged against this defendant, under the *Accetturo* Indictment. Absent defendant's exposure to increased punishment from a more serious offense, this Court cannot conclude that the government has "upped the ante" so as to give rise to a presumption of vindictiveness.

The Supreme Court has stated that to presume vindictiveness on the part of a judge or prosecutor "may operate in the absence of any proof of an improper motive and thus may block a legitimate response to criminal conduct." *United States v. Goodwin*, 457 U.S. 368, 373, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74 (1982). Therefore, the Court has held that a "presumption of vindictiveness" arises only in two limited instances: when the judge imposes a more severe sentence upon retrial, *see North*

*Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); and, as noted above, when the prosecutor "ups the ante" and charges a more serious offense after a defendant exercises some procedural or constitutional right, *see Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). *See Wasman v. United States,* 468 U.S. 559, 568–69, 104 S.Ct. 3217, 3222–23, 82 L.Ed.2d 424 (1984). In these two instances, a "reasonable likelihood" that the enhanced sentence or charge was motivated by actual vindictiveness is sufficient to presume vindictiveness. *See Goodwin,* 457 U.S. at 373, 102 S.Ct. at 2488. That presumption can be overcome only by objective information in the record justifying the judge's or the prosecutor's decision. *See Wasman,* 468 U.S. at 565, 104 S.Ct. at 3221. Absent circumstances indicating a "reasonable likelihood" of a vindictive motive, the defendant must prove "actual vindictiveness" to establish a due process violation. *See id.* at 569, 104 S.Ct. at 3223.

The Ninth Circuit has suggested that a presumption of vindictiveness may also arise when a defendant is confronted with "an additional charge arising out of the same nucleus of operative facts as the orig-inal charge." *United States v. Robison,* 644 F.2d 1270, 1272 (9th Cir.1981); *see United States v. Martinez,* 785 F.2d 663, 669 (9th Cir.1986). While apparently expanding the scope of prosecutorial vindictiveness, however, the Ninth Circuit did not rely on its expanded definition to dismiss the indictment in either of these cases.[8]

This Court rejects and refuses to apply the Ninth Circuit's theory relating to the presumption of prosecutorial vindictiveness. To presume an improper vindictive motive is a severe sanction to impose on prosecutorial or judicial conduct. *See Goodwin,* 368 U.S. at 373, 102 S.Ct. at 2488. The mere fact that criminal charges in a second indictment arise out of "the same nucleus of operative facts" as a prior prosecution cannot justify imposing such a severe sanction. This is especially true where the second indictment passes the arduous muster of the double jeopardy standard, as well as that of collateral estoppel.[9] In this case, since the prosecutor has not "upped the ante" in bringing the second indictment, no presumption arises and the defendant must come forward with affirmative proof of actual vindictiveness on

---

**8.** In *Robison,* the Ninth Circuit considered whether a second prosecution under 18 U.S.C. § 844(i) was brought in retaliation for defendant's exercise of procedural rights in prior cases involving similar charges. The Court noted "[g]enerally, it is the prosecutor's 'attempt to retry the appellant, seeking a heavier penalty *for the same acts* as originally charged [that] is inherently suspect ...'." *Id.* at 1273 (*quoting United States v. Preciado–Gomez,* 529 F.2d 935, 939 (9th Cir.), *cert. denied,* 425 U.S. 953, 96 S.Ct. 1730, 48 L.Ed.2d 197 (1976) (emphasis in original)). The Court concluded that "[t]he instant prosecution arose from events separate and distinct from those on which the earlier prosecutions were based" and therefore, the presumption of vindictiveness did not arise. 644 F.2d at 1272.

Similarly, in *Martinez,* the Ninth Circuit stated, "[i]f ... the second charge is unrelated to the first, the presumption [of vindictiveness] does not arise." 785 F.2d at 669. The Court held "this case is an inappropriate one to invoke a presumption of vindictiveness in response to a desire to eliminate any deterrence of the assertion of constitutional rights" because the charges contained in the second indictment were unrelated to the offenses charged in the first indictment. *Id.* at 669. In reaching that conclusion, the Court noted that:

Our concern [that prosecutorial vindictiveness would deter defendants' exercise of procedural rights] cannot, however, be used in all cases as a shield against the legitimate requirements of the justice system with respect to a particular defendant.... Nothing in *Blackledge [v. Perry]* presumed to give the defendant a free ride for separate crimes he may have committed, or to prevent a prosecutor from bringing new charges as a result of changed or altered circumstances which properly bear on prosecutorial discretion.

*Id.* (*quoting United States v. Griffin,* 617 F.2d 1342 (9th Cir.), *cert. denied,* 449 U.S. 863, 101 S.Ct. 167, 66 L.Ed.2d 80 (1980)).

**9.** Indeed, such a theory could, if applied, *sub silentio* substantially modify well-established tests of double jeopardy and fragmentary prosecution. For example, applying this test to a case where conspiracy and substantive offenses arising out of the same circumstances are charged and tried separately, while double jeopardy principles would not be violated, the consecutive prosecutions could violate the precepts of the Ninth Circuit's theory of prosecutorial vindictiveness (i.e., same nucleus of operative facts).

the part of the prosecutor to make out a due process violation.

A review of both the pleadings submitted by the defendant and the oral argument before the Court reveals that the defendant has failed to proffer to this Court any evidence of actual vindictiveness by the prosecutor in filing the second indictment. Accordingly, this Court concludes that the government's re-indictment of defendant on substantive distribution charges does not amount to prosecutorial vindictiveness.

For the foregoing reasons, defendant's motion to dismiss the indictment is DE-NIED.

SO ORDERED.