**Richard J. MARINO, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 89 CV 1595 (TCP).**

United States District Court,
E.D. New York.

Feb. 27, 1990.

James J. Piampiano, Rochester, N.Y., for petitioner.

Dennis C. Vacco, U.S. Atty. by Charles B. Wydysh, Buffalo, N.Y., for the U.S.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

Petitioner moves, pursuant to 28 U.S.C. § 2255, for an order to vacate or reduce his sentence. Petitioner was sentenced by this Court to consecutive twenty year terms of imprisonment for violation of 18 U.S.C. § 1962(c) and (d) of the RICO Act. In support of his petition, petitioner claims that consecutive sentences are improper because Count II (conspiracy to violate RICO —§ 1962(d)) was a lesser included offense of Count I (substantive RICO violations including conspiracy to commit various state crimes—§ 1963(c)). Therefore, petitioner claims, consecutive sentences constitute a Double Jeopardy violation.

Petitioner originally raised his Double Jeopardy claim in his Rule 33 motion to dismiss the indictment or in the alternative Count II thereof. This Court denied that motion. Petitioner again raised his Double Jeopardy claim on direct appeal to the Second Circuit. Circuit Judges Timbers, Meskill and Pratt rejected petitioner's claim without discussion. *United States v. Paone*, 782 F.2d 386, 395 (2nd Cir.1986). Petitioner's application for a writ of certiorari was subsequently denied by the Supreme Court. *Marino v. United States*, 483 U.S. 1019, 107 S.Ct. 3262, 97 L.Ed.2d 761 (1987).

Petitioner again raised his Double Jeopardy claim in a Rule 35(b) motion before this Court. We denied petitioner's motion and also denied his motion for reconsideration. Petitioner appealed this Court's denial of his Rule 35(b) motion to the Second Circuit. In an unpublished decision dated March 7, 1989 Circuit Judges Oakes, Feinberg and Pratt held that the District Court had not abused its discretion in imposing petitioner's sentence. In addition, the Court of Appeals "left open to the District Court the possibility of treating Marino's other claim—that he should not have received consecutive sentences . . .—as a Petition for Habeas Corpus under 28 U.S.C. § 2255 (1982)." Per the suggestion of the Circuit Court this Court appointed counsel to brief petitioner's Double Jeopardy claim and appointed counsel filed petitioner's *habeas corpus* petition on December 15, 1989.

For the reasons stated below petitioner's petition for a writ of *habeas corpus* must be and hereby is denied.

*Discussion*

Petitioner already raised his claim regarding the inappropriateness of consecutive sentences on direct appeal. "It is well settled that a Section 2255 motion to vacate sentence 'cannot ... be employed to relitigate questions which were raised and considered on the appeal.'" *Castellana v. United States*, 378 F.2d 231, 233 (2nd Cir. 1967). If, however, there is an intervening change of law that would have changed the result of petitioner's direct appeal, petitioner may relitigate the issue in his 28 U.S.C. § 2255 motion. *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). No such intervening change of law has occurred, however, in the case at bar and petitioner's petition is, therefore, denied.

Given the fact that petitioner's petition was prompted by the Second Circuit ruling on his Rule 35(b) motion, we will, nonetheless, briefly discuss the current law.

In *Blockburger v. United States* the Supreme Court established the test used to determine whether a Double Jeopardy violation may arise or exists.

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The Second Circuit has held that § 1962(c) and § 1963(d) require different proofs and have therefore upheld consecutive sentences imposed in such cases. *See, e.g., United States v. Thomas*, 757 F.2d 1359, 1370 (2nd Cir.1985) (citing *United States v. Bagaric*, 706 F.2d 42, 63–64 n. 18 (2nd Cir.1983)) ("the plain language and different elements of § 1963(c) and § 1963(d) combined with the absence of a contrary legislative intention, support the imposition of consecutive sentences for the violation of both subsections.")

Petitioner suggests that this case is distinguishable from previous Second Circuit cases because Count I alleges, *inter alia*, conspiracy to violate state and federal statutes and Count II alleges conspiracy to violate RICO. Therefore, petitioner claims, unlike previous Second Circuit cases, the two separate charges in this case are directed at the same evil, i.e. the *agreement* to engage in criminal activity. Further, petitioner claims, analysis of the specific allegations will reveal that the agreements under Counts I and II are the same agreements. Petitioner is mistaken.

"[A] proper double jeopardy analysis involves a legal approach rather than the fact specific inquiry urged." *United States v. Muhammad*, 824 F.2d 214, 215 (2nd Cir.1987). "[T]he Court's application of the test focuses on the statutory elements of the offense. If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Albernaz v. United States*, 450 U.S. 333, 338, 101 S.Ct. 1137, 1142, 67 L.Ed.2d 275 (1981) (quoting *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975). "*Albernaz* requires us to focus on the provisions of the statutes involved, rather than on the evidence adduced at trial, to determine whether the punishment [petitioner] received was proper under *Blockburger*." *United States v. Langella*, 776 F.2d 1078, 1082 (2nd Cir.1985).

Focus on § 1962(c) and (d) reveals that each requires proof that the other does not. Subsection (c) requires proof of a fact, namely a "pattern of racketeering activity" [1] which subsection (d) does not. Moreover, subsection (d) requires proof of a fact, namely an agreement, which subsection (c) does not. Simply because there may have been proof of individual conspiracies at trial to help establish a pattern of racketeering is irrelevant to our Double Jeopardy analysis because our focus is on the statutes themselves and not the proof

---

1. 18 U.S.C. § 1961(5) reads in pertinent part: "pattern of racketeering activity" requires at least two acts of racketeering activity....

at trial.[2] Therefore, § 1963(c) and (d) are not the same offense under *Blockburger* and its progeny and there has been no Double Jeopardy violation.

Therefore, petitioner's petition must be and hereby is denied. SO ORDERED.

The Clerk of the Court is hereby directed to enter judgement against the petitioner and for the respondent denying petitioner's 28 U.S.C. § 2255 motion.

---

2. It is worthwhile to note, however, that even a fact-specific inquiry would be unavailing to petitioner. Petitioner seems to suggest that a conspiracy to murder and/or a conspiracy to extort equal a conspiracy to engage in a pattern of racketeering. Petitioner is mistaken.

A conspiracy to murder does not constitute a pattern of racketeering because a pattern of racketeering requires at least two predicate acts. Assuming, however, that both a conspiracy to murder and a conspiracy to extort both existed,

while a pattern of racketeering could possibly be established, neither separate agreement (to murder or extort) nor both agreements together constituted a single separate agreement to engage in a pattern of racketeering. A conspiracy to engage in a pattern of racketeering must be an agreement to do just that, not just an agreement to commit murder or extortion. To argue that each time parties engage in more than one conspiracy a RICO conspiracy exists is a specious argument.