**Frank VIRELLA, Movant,**

v.

**UNITED STATES of America, Respondent.**

**No. 85 Civ. 7323 (PKL).**

United States District Court, S.D. New York.

Sept. 20, 1990.

---

Frank Virella, Bronx, N.Y., pro se.

Howard Heiss, Asst. U.S. Atty., New York City, for U.S.

## MEMORANDUM ORDER

LEISURE, District Judge.

United States Magistrate Sharon E. Grubin has filed a Report and Recommendation dated August 15, 1990, which recommends that petitioner's motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, be denied. *See also* Rule 32 of the Civil Rules of this Court and Rule 4 of the Rules for Proceedings Before Magistrates. After reviewing the petitioner's claims, in which petitioner sought relief *pro se*, the Magistrate found that petitioner's assertions of defective indictment and impermissibly general verdict were without merit. The Magistrate further found that petitioner's claim of double jeopardy, based on his convictions under the crimes of conspiracy to commit a substantive offense and aiding and abetting the commission of that same offense, was not tenable due to the separate and distinct nature of those crimes. Lastly, the Magistrate found that petitioner's assertion of ineffective trial counsel assistance did not overcome the presumption of competent assistance and did not result in reversible error.

Pursuant to Fed.R.Civ.P. 72 and 28 U.S.C. § 636(b)(1), petitioner had ten days to object to the Magistrate's recommendation. That time expired on August 29, 1990. No objections have been received by the Court or by the Magistrate. Nonetheless, the Court has undertaken a *de novo* review of the record, as required by Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1). Based on that review, the Court accepts and adopts the Magistrate's findings and recommendations regarding the instant petition. Because petitioner's allegations were patently meritless, his petition was properly dismissed without an evidentiary hearing. *See United States v. Aiello*, 900 F.2d 528, 534 (2d Cir.1990); *United States v. Aiello*, 814 F.2d 109, 113–14 (2d Cir.1987) ("Airy generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at a hearing."); *cf. Garcia Montalvo v. United States*, 862 F.2d 425, 426–27 (2d Cir.1988).

## CONCLUSION

The Report and Recommendation of Magistrate Sharon E. Grubin, dated August 15, 1990, is adopted in its entirety, and petitioner's motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, is denied in all respects.

SO ORDERED.

## REPORT AND RECOMMENDATION TO THE HONORABLE PETER K. LEISURE

SHARON E. GRUBIN, United States Magistrate:

Movant, Frank Virella, *pro se*, seeks relief pursuant to 28 U.S.C. § 2255. He challenges a judgment of conviction entered by the Honorable Lee P. Gagliardi on May 17, 1982 after a jury trial convicting him for aiding and abetting an armed robbery of the Van Nest Post Office in the Bronx and for conspiracy to commit armed robbery in violation of 18 U.S.C. §§ 2, 371 and 2114 and sentencing him to concurrent terms of imprisonment of twenty-five years on the robbery count and five years on the conspiracy count. The conviction was affirmed without opinion by the Second Circuit Court of Appeals on December 13, 1982 (*United States v. Virella*, 714 F.2d 119). Briefly summarized, the evidence at trial upon which Virella's conviction was based showed that his involvement with the postal robbery consisted of the following: [1]

---

1. Although I have reviewed in connection with this motion transcripts of the jury charge (*see* Appellant's Appendix at pp. 22–62) and the sentencing hearing (attached to respondent's mem-

He was present at the apartment of Pedro Martinez during the planning of the robbery by Martinez and two others, Jesus Velazquez and Jose "Gilbert" Santos, although he was not within earshot of the discussion. Martinez, however, asked Virella to lend him his gun and his gypsy cab to use in the robbery. Virella refused to lend Martinez his gun (although at some point prior to the robbery, Virella supplied Martinez with approximately one dozen bullets for his gun), but agreed to permit Martinez to use his cab. Martinez subsequently asked Virella to ride in a "backup car" that would be used to block traffic after the robbery and to be present after the robbery when Martinez met with the two other participants in the robbery to divide the stolen money. On the day of the robbery, Martinez drove Velazquez and Santos to the post office in Virella's cab and parked around the corner. Martinez saw Virella sitting in the passenger seat of the "backup car" which was parked at the appointed location. Thereafter, Velazquez and Santos entered the post office with guns drawn and demanded that a window clerk give them money, money orders and stamps. An off-duty police officer entered the post office, shots were fired, Santos was injured and Velazquez escaped with Martinez. Martinez, who had been on state parole at the time of the robbery, and Santos both pled guilty prior to trial and testified for the government.

orandum of law), respondent did not submit a copy of the trial transcript along with its response to the motion. However, I find that the claims herein can be determined without reference to the trial transcript. In addition, when necessary, I have referred to Virella's statement of the evidence at trial as set forth in his direct appeal brief and, in fact, have construed the facts where in doubt in the light most favorable to him.

2. These claims are culled from a liberal construction of the Petition, its accompanying "Memorandum" and petitioner's "Reply to Memorandum in Opposition to Section 2255 Motion," all submitted by petitioner *pro se.*

3. At the time of Virella's indictment and conviction, 18 U.S.C. § 2114 read as follows:

Mail, money or other property of
United States

Whoever assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the

Movant asserts four grounds for relief herein.[2] First, he claims that his indictment was jurisdictionally defective for failure to either track the language of 18 U.S.C. § 2, the "aiding and abetting statute," or charge aiding and abetting in a separate count. Second, Virella asserts that he was prejudiced by the jury's general verdict, which did not indicate whether the conviction was based on petitioner's role as aider and abettor. Third, Virella claims that his convictions of both conspiracy and aiding and abetting the robbery of a post office violated the fifth amendment prohibition against double jeopardy. Finally, Virella claims ineffective assistance of trial counsel.

For the following reasons, I respectfully recommend that your Honor deny the petition in its entirety.

## DISCUSSION

### A. *Defective indictment*

■ Virella was indicted on two counts: conspiracy under 18 U.S.C. § 371 and aiding and abetting a postal robbery under 18 U.S.C. §§ 2 and 2114. On the aiding and abetting count, the indictment tracks the language of the postal robbery statute, 18 U.S.C. § 2114,[3] and cites that statute as well as the aiding and abetting statute, 18 U.S.C. § 2.[4] Virella claims that count two

United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years.

The statute was subsequently amended to impose a maximum, rather than mandatory, sentence of twenty-five years where a postal employee is wounded or has his life put in jeopardy.

4. 18 U.S.C. § 2 reads as follows:

Principals

(a) Whoever commits an offense against the United States or aids, abets, counsels, com-

of his indictment is defective because it fails to either track the language of the aiding and abetting statute or charge aiding and abetting as a separate count.[5]

The claim is meritless as the law is well settled to the contrary. The aiding and abetting statute, which makes punishable as a principal one who aids and abets the commission of a substantive crime, *United States v. Campbell,* 426 F.2d 547, 553 (2d Cir.1970), has been described as follows:

> 18 U.S.C. § 2 does not define a crime. One indicted as a principal may be convicted on proof beyond a reasonable doubt that he aided and abetted. Indeed, in view of the language of the statute, all indictments for substantive offenses must be read as if the alternative provided by 18 U.S.C. § 2 were embodied in the indictment.

*United States v. Megna,* 450 F.2d 511, 512 (5th Cir.1971) (citations omitted). Accordingly, a defendant may be convicted of aiding and abetting the commission of a crime even if the indictment makes no reference whatsoever to his role as an aider and abettor, *United States v. Smith,* 727 F.2d 214, 217 (2d Cir.1984); *United States v. Tropiano,* 418 F.2d 1069, 1083 (2d Cir. 1969), *cert. denied,* 397 U.S. 1021, 90 S.Ct. 1258, 25 L.Ed.2d 530 (1970); *United States v. Bommarito,* 524 F.2d 140, 145 (2d Cir. 1975); *United States v. Pellegrino,* 470 F.2d 1205, 1209 (2d Cir.1972), *cert. denied,* 411 U.S. 918, 93 S.Ct. 1556, 36 L.Ed.2d 310 (1973), and, *a fortiori,* may be convicted of aiding and abetting the commission of a crime where the indictment refers to 18 U.S.C. § 2 but does not additionally track the language of that statute, *United States v. McCambridge,* 551 F.2d 865, 871 (1st Cir.1977); *United States v. Houle,* 490 F.2d 167, 170 (2d Cir.1973), *cert. denied,* 417 U.S. 970, 94 S.Ct. 3174, 41 L.Ed.2d 1141 (1974). This claim should, therefore, be denied.

B. *General verdict*

[redacted] As a corollary to his challenge to the indictment, Virella argues that because the indictment did not track the language of 18 U.S.C. § 2 or charge a § 2 violation as a separate count and because the jury rendered a general verdict, "it is unknown whether the jury found Virella guilty of a Section 2114 violation, or of the Section 2, aiding and abetting, charge." Movant's Reply at 5. If the jury convicted him under § 2114 alone, he argues, there was insufficient evidence to sustain that conviction and the ambiguity created by his indictment and the jury's general verdict has prevented him from challenging the sufficiency of the evidence.

However, it is clear that the government's case against Virella was based on evidence of his role as an aider and abettor and not on his actual commission of the robbery. The evidence at trial, as related in Virella's own appellate brief, was not that he was one of the two robbers who actually entered the post office, Appellant's Brief at 5, but that he had discussed the robbery prior to its occurrence with Pedro Martinez, who had planned it with two others, had lent his gypsy cab and supplied bullets to be used in the robbery and had sat in the passenger seat of a "backup car." *Id.* at 6–8. *See also* Movant's Memorandum at 6. Given this evidence, as well as the fact that Virella was indicted as an

mands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

5. Count two of petitioner's indictment read as follows:

COUNT TWO

The Grand Jury further charges:

On or about March 26, 1981, in the Southern District of New York, the defendants, FRANK VIRELLA, ROBERTO RAMIREZ AND JESUS VELAZQUEZ, unlawfully, wil[l]fully and knowingly did assault persons having lawful charge, control and custody of mail matter, money and other property of the United States, with intent to rob, steal and purloin such mail matter, money and other property, and in effecting and attempting to effect such robbery did put in jeopardy the lives of persons having custody of such mail matter, money and property by the use of dangerous weapons, to wit, automatic handguns.

(Title 18, United States Code, Sections 2114 and 2.)

aider and abettor and that the jury was instructed as to aiding and abetting, Appellant's Appendix at pp. 45–47, Virella's argument that the general verdict was ambiguous is patently spurious.

Moreover, contrary to his assertion that he suffered "substantial prejudice of a fundamental kind" due to the jury's general verdict, it is clear that Virella suffered no prejudice whatsoever. Special verdicts are not favored in criminal cases and generally are appropriate only "when the information sought is relevant to the sentence to be imposed." *United States v. Orozco–Prada,* 732 F.2d 1076, 1084 (2d Cir.), *cert. denied,* 469 U.S. 845, 105 S.Ct. 154, 83 L.Ed.2d 92 (1984). Here, whether the jury convicted Virella under § 2114 alone or as an aider and abettor to that crime, under the language of 18 U.S.C. § 2 he was equally punishable for either role. *Cf. Allen v. United States,* 257 F.2d 188, 189 (D.C.Cir.1958). Thus, no possible prejudice could have resulted from the form of the jury's verdict. In any event, the jury's general verdict of guilty constitutes a finding that he was guilty "as charged," *see United States v. Drebin,* 557 F.2d 1316, 1332–33 (9th Cir.1977), *rehearing denied,* 572 F.2d 215 (9th Cir.), *cert. denied,* 436 U.S. 904, 98 S.Ct. 2232, 56 L.Ed.2d 401 (1978), and, as discussed above, the indictment clearly charged Virella with aiding and abetting the postal robbery. Accordingly, this challenge to his sentence should also be denied.

### C. *Double jeopardy*

■ Virella claims that he was placed in double jeopardy by his convictions for both conspiracy under 18 U.S.C. § 371 and aiding and abetting the commission of a postal robbery under 18 U.S.C. §§ 2 and 2114. However, this claim, too, must be rejected because "[c]onspiracy to commit a substantive offense and aiding and abetting the commission of the same offense constitute

separate and distinct crimes," *United States v. Tropiano,* 418 F.2d 1069, 1083 (2d Cir.1969), *cert. denied,* 397 U.S. 1021, 90 S.Ct. 1258, 25 L.Ed.2d 530 (1970) (citing *Nye & Nissen v. United States,* 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949)), and the double jeopardy clause poses no bar to a defendant's conviction of both where the conspiracy and substantive counts require proof of different elements. *United States v. Udey,* 748 F.2d 1231, 1237–38 (8th Cir. 1984), *cert. denied,* 472 U.S. 1017, 105 S.Ct. 3477, 87 L.Ed.2d 613 (1985); *United States v. Slocum,* 695 F.2d 650, 656 (2d Cir.1982), *cert. denied,* 460 U.S. 1015, 103 S.Ct. 1260, 75 L.Ed.2d 487 (1983) (citing *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 186, 76 L.Ed. 306 (1932)); *Marino v. United States,* 735 F.Supp. 60 (E.D. N.Y.1990); *United States v. Esposito,* 726 F.Supp. 991, 997 (D.N.J.1989), *aff'd,* 912 F.2d 60 (3d Cir.1990); *United States v. Stratton,* 583 F.Supp. 1234, 1240 (S.D.N. Y.), *aff'd,* 751 F.2d 373 (2d Cir.1984). Whereas a conspiracy conviction under 18 U.S. § 371 requires proof of an unlawful agreement between two or more persons to commit an offense against the United States,[6] *see, e.g., United States v. Rubin,* 844 F.2d 979, 983–84 (2d Cir.1988) (citing *United States v. Wardy,* 777 F.2d 101, 107 (2d Cir.1985), *cert. denied,* 475 U.S. 1053, 106 S.Ct. 1280, 89 L.Ed.2d 587 (1986)), a conviction for aiding and abetting a postal robbery does not require proof of an agreement but does require, *inter alia,* proof of aiding, abetting, counseling, commanding, inducing, procuring or causing an assault with the intent to rob or the actual commission of a robbery of a postal office. *See* footnotes 3, 4, *supra.* As stated by the Supreme Court, "[a]iding, abetting, and counseling are not terms which presuppose the existence of an agreement. Those terms have a broader application, making the defendant a principal when he consciously shares in a criminal act regardless

---

6. 18 U.S.C. § 371 reads in relevant part as follows:

Conspiracy to commit offense or to defraud United States

If two or more persons conspire either to commit any offense against the United States,

or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

of the existence of a conspiracy." *Pereira v. United States*, 347 U.S. 1, 11, 74 S.Ct. 358, 364, 98 L.Ed. 435 (1954).

### D. *Ineffective assistance of counsel*

Virella claims his trial counsel's performance was deficient based on counsel's failure to (1) argue on summation the lack of credibility of a key prosecution witness; (2) cite specific authority at sentencing concerning the court's discretion to suspend the then mandatory twenty-five year sentence for postal robbery; (3) request a jury instruction on a lesser included charge; (4) challenge the indictment as defective; (5) raise a claim of double jeopardy. Each alleged error is discussed below.

The two-pronged standard for evaluating a claim of ineffective assistance was delineated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also Kimmelman v. Morrison*, 477 U.S. 365, 374–75, 106 S.Ct. 2574, 2582–83, 91 L.Ed.2d 305 (1986); *Darden v. Wainwright*, 477 U.S. 168, 184, 106 S.Ct. 2464, 2473, 91 L.Ed.2d 144 (1986); *United States v. Nersesian*, 824 F.2d 1294, 1320–21 (2d Cir.) *cert. denied*, 484 U.S. 957, 108 S.Ct. 355, 98 L.Ed.2d 380 (1987). The court explained that the purpose of the sixth amendment's requirement of effective assistance of counsel is to ensure a fair trial, so that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." 466 U.S. at 686, 104 S.Ct. at 2064. *See also United States v. Ditommaso*, 817 F.2d 201, 215 (2d Cir.1987).

The court stated that on a claim of ineffective assistance a petitioner must demonstrate two elements. *See also United States v. Aiello*, 900 F.2d 528, 532 (2d Cir.1990); *Abdurrahman v. Henderson*, 897 F.2d 71, 74 (2d Cir.1990). First, he must show that counsel's performance was deficient to the extent that the errors made were not within the realm of reasonableness under the professional norms prevailing at the time of trial, *id.* 466 U.S. at

687–88, 104 S.Ct. at 2064–65, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that counsel has "made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 689–90, 104 S.Ct. at 2065–66. A defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S.Ct. at 2065 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). *See also Mills v. Scully*, 826 F.2d 1192, 1197 (2d Cir.1987).

The second element that must be shown on an ineffective assistance claim is prejudice. If a defendant can establish that his counsel's performance fell below the prevailing professional norms, he must also show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068. *See also Kimmelman v. Morrison*, 477 U.S. at 375, 106 S.Ct. at 2583; *United States v. Jones*, 900 F.2d 512, 519 (2d Cir.1990); *United States v. Reiter*, 897 F.2d 639, 645 (2d Cir.1990). The Court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome" of the proceeding. *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068. It is not sufficient to show merely that counsel's errors had "some conceivable effect" on the result for "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* at 693, 104 S.Ct. at 2067. It is movant's burden to show that absent counsel's errors, "the decision reached would reasonably likely have been different," considering the totality of all the evidence. *Id.* at 696, 104 S.Ct. at 2069. *See also United States ex rel. Roche v. Scully*, 739 F.2d 739, 742–44 (2d Cir.1984). The Court further noted that, although analysis of an ineffective assistance claim involves the two elements of counsel's error and prejudice to the defendant, it is not necessary for a reviewing court to address both elements if the defendant makes an insuffi-

cient showing on either one. *Strickland v. Washington,* 466 U.S. at 697, 104 S.Ct. at 2069; *See also Mitchell v. Scully,* 746 F.2d 951, 954 (2d Cir.1984), *cert. denied,* 470 U.S. 1056, 105 S.Ct. 1765, 84 L.Ed.2d 826 (1985).

### (1). Summation

■ Movant alleges that his counsel failed, during summation, to discuss the lack of credibility of Martinez who "was the one whom [sic] organized and planned the entire robbery scheme." Memorandum at 3. He refers to Martinez's "lengthy list of prior convictions" and alleges that Martinez had motivation to give false testimony, arguing that counsel's failure to mention these factors during summation constituted ineffective assistance of counsel.

However, even the failure to make any argument at all on summation is generally considered merely to be a matter of trial strategy and not one to be second-guessed by a reviewing court. For example, in *Melvin v. Laird,* 365 F.Supp. 511, 521–22 (E.D.N.Y.1973), the court explained that defense counsel could have reasonably anticipated that the prosecution would have countered any summation arguments and that the further exchange of said arguments might have hurt, rather than helped, the defendant. Similarly, counsel's decision to waive closing argument in *United States ex rel. Turner v. Cuyler,* 443 F.Supp. 263 (E.D.Pa.1977), *aff'd,* 595 F.2d 1215 (3rd Cir.1979), was found to be a tactical decision that did not constitute ineffective assistance. *Cf. United States v. Nersesian,* 824 F.2d at 132 (waiver of opening statement treated as reasonable choice of strategy). Virella argues only that his counsel did not discuss the credibility of a prosecution witness during summation. It is the movant's duty to overcome the presumption of competent assistance, *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. at 2065, and I find that Virella has not shown that his counsel's behavior was below prevailing professional norms. As he also has not demonstrated a "reasonable probability that the closing argument ... changed the outcome of the trial," *Thompson v. Wainwright,* 787 F.2d 1447, 1456 (11th Cir.1986), *rehearing denied,* 792 F.2d 1126 (11th Cir.1986) (en banc), *cert. denied sub nom. Thompson v. Dugger,* 481 U.S. 1042, 107 S.Ct. 1986, 95 L.Ed.2d 825 (1987), his claim must be denied under both prongs of the *Strickland* test.

### (2). Sentencing

■ Virella contends that counsel misled the court at sentencing as to the mandatory nature of the twenty-five year sentence under 28 U.S.C. § 2114 and failed to cite readily available support for the court's authority to suspend such a mandatory twenty-five year sentence, maintaining that these failures constituted ineffective assistance of counsel. However, the sentencing transcript reveals that counsel, to the contrary, did apprise the court of its power to suspend the twenty-five year sentence:

> MR. EPSTEIN: [T]here is no provision of law that I know of that would prevent your Honor, indeed, I think your Honor has the power to suspend execution of sentence on the 25–year count. . . .

Sentencing Transcript at 5. Counsel then requested the court to impose a five-year sentence on the conspiracy count and a consecutive six-month term on the substantive count, with suspended execution of the remainder of the twenty-five year mandatory term. *Id.* at 5–7. While it is true that counsel did not cite specific authority for his argument that the court had the power to suspend the twenty-five year mandatory sentence, he demonstrated his familiarity with the relevant law and there is no requirement that specific authority be cited in support of arguments made at trial or sentencing. Moreover, the court, of course, was clearly aware of its option not to impose the twenty-five year sentence. Although the court discussed the then mandatory nature of the penalty provided by 18 U.S.C. § 2114, *see* Sentencing Transcript at 14–16, the court explicitly referred to the *choice* it was making in imposing a twenty-five year sentence on petitioner: "[W]hile 25 years is a long time ... I must and I will, not that I must, but I will and I deem it appropriate." Sentencing Transcript at 15.

(3). Jury instruction

 Virella further contends that counsel's failure to request a lesser included offense instruction constitutes ineffective assistance of counsel. In his moving papers, he does not indicate any specific lesser included offense that should have been charged. However, as respondent points out, 18 U.S.C. § 2114 itself contains a lesser included offense. The statute provides that when someone commits a postal robbery and wounds or uses a dangerous weapon to put in jeopardy the life of a postal employee the mandatory twenty-five year term of imprisonment is to be imposed; however, where the aggravating factors of wounding or placing a life in jeopardy are not present, the statute provides for a maximum ten-year term. *See* footnote 3, *supra; see also Colson v. Johnston,* 35 F.Supp. 317, 318 (N.D.Cal.1940). However, Virella's counsel was not ineffective for failing to request a lesser included offense charge as no such charge was required herein. As stated by the Second Circuit,

> It is well-settled that where a lesser offense is necessarily included within the offense charged, a defendant is entitled as a matter of right to a charge on the lesser-included offense "if the evidence would permit a jury rationally to find him guilty of the lesser defense and acquit of the greater." *Keeble v. United States,* 412 U.S. 205, 208 [93 S.Ct. 1993, 1995, 36 L.Ed.2d 844] (1973); *see United States v. Giampino,* 680 F.2d 898, 901 (2d Cir.1982).

*United States v. Garcia–Duarte,* 718 F.2d 42, 47 (2d Cir.1983) (parallel citations omitted). *See also Hopper v. Evans,* 456 U.S. 605, 610, 102 S.Ct. 2049, 2052, 72 L.Ed.2d 367 (1982). Where the facts, however, clearly do not support a lesser included offense, no such instruction is necessary, and the failure to request one cannot offend the sixth amendment. *See, e.g., Walker v. Jones,* No. 86 Civ. 5301, 1988 WL 34823 (S.D.N.Y. Apr. 1, 1988).

In the instant case, the evidence would not have permitted the jury to find Virella guilty only of 18 U.S.C. § 2114's lesser included offense, as there was no question that lives were placed in jeopardy during the postal robbery. It is clear that Virella's defense did not focus on any lack of evidence that lives were put in jeopardy, but rather on the limited role he played in carrying out the robbery. Sentencing Transcript at 3–6. Thus, he himself states that "[t]he trial evidence reveals that it was Martinez, Velazquez and Santos whom did assault, did attempt to rob and did put in jeopardy with dangerous weapons." Memorandum at 6. Further, in challenging his counsel's failure to cite specific authority at sentencing on the issue of suspending the twenty-five year mandatory term of imprisonment, Virella discusses the alleged weakness of the evidence of his role in the postal robbery and refers to "the ammunition ... [and] the guns used in the postal robbery by Martinez and Santos." Reply at 3. Virella attempts to show that his role in the events was minimal, but nowhere does he challenge the evidence that shows that lives were put in jeopardy during the postal robbery. He has not pointed to any facts which may have provided a basis for charging the lesser included offense, *Walker v. Jones, supra,* slip op. at 6–7, and I accordingly do not find error in counsel's failure to request that § 2114's lesser included offense be charged to the jury.

 In reply to respondent's opposition papers Virella reasserts his challenge to counsel's failure to request a lesser included offense charge and adds, "such as 'attempted' aiding and abetting." Reply at 4. He thus appears to argue that attempted aiding and abetting a postal robbery is a lesser offense included in postal robbery on which his counsel should have requested a charge to the jury. But, aiding and abetting is not a lesser included offense; rather, as discussed above, one who aids and abets a crime is treated under 18 U.S.C. § 2 as a principal. In addition, under the second half of 18 U.S.C. § 2114, one who attempts postal robbery is treated the same as one who actually effects such robbery, *see* footnote 3, *supra,* and, accordingly, attempted postal robbery is also not "a lesser offense [which] is necessarily included

within the offset charged." *United States v. Garcia–Duarte*, 718 F.2d at 47.

(4) and (5). Failure to raise claim of defective indictment and failure to raise claim of double jeopardy

As discussed earlier in this report, the indictment was not defective and the double jeopardy clause is not implicated by simultaneous convictions for conspiracy and aiding and abetting a substantive crime. Accordingly, counsel committed no error in failing to raise these issues.

## CONCLUSION

Having considered all of Virella's claims, I respectfully recommend that this motion be denied for the reasons set forth herein.