**UNITED STATES of America,
Plaintiff/Appellee,**

**v.**

**Thomas William BALLESTER,
Defendant/Appellant.**

**UNITED STATES of America,
Plaintiff/Appellee,**

**v.**

**Richard Thomas McGIFFEN,
Defendant/Appellant.**

**UNITED STATES of America,
Plaintiff/Appellee,**

**v.**

**Daniel Elton HAYES,
Defendant/Appellant.**

**Nos. 84–1066 to 84–1068.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 1984.

Decided Jan. 28, 1985.

Donald B. Ayer, Sacramento, Cal., for plaintiff-appellee.

Michael Ward, Modesto, Cal., for defendant-appellant Thomas Ballester.

James R. Homola, Fresno, Cal., for defendant-appellant Richard McGiffen.

Stephen Mensel, Fresno, Cal., for defendant-appellant Daniel Hayes.

Before MERRILL, GOODWIN and ALARCON, Circuit Judges.

PER CURIAM.

The denial of appellants' motion to dismiss on the ground of vindictive prosecution was not error.

## I

While, generally, claims of prosecutorial vindictiveness are not reviewable on appeal because they constitute an interlocutory appeal under 28 U.S.C. § 1291, *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982), this appeal is not interlocutory. Appellants have entered conditional guilty pleas and have been sentenced. This court, therefore, possesses appellate jurisdiction.

## II

The Government may not either threaten to increase charges in order to discourage a defendant from exercising a statutory or constitutional right or follow through on such a threat. *United States v. DeMarco*, 550 F.2d 1224, 1227–28 (9th Cir.), *cert. denied*, 434 U.S. 827, 98 S.Ct. 105, 54 L.Ed.2d 85 (1977). The district attorney's statement that he would refer the matter to federal authorities if appellants persisted in their efforts to gain dismissal of the state indictment did not, however, constitute a threat or an expression

of hostility. Instead, the district attorney was simply demonstrating that state dismissal would not terminate the effort to bring appellants to justice for the crimes with which they had been charged. Even though state law precluded the procurement of additional indictments, the defendants could still be prosecuted under federal law.

This legitimate prosecutorial aim was not converted into a threat or expression of hostility by the district attorney's reference to the penalty carried by the federal charge of possession of a controlled substance with intent to distribute, which was more severe than that carried by the parallel state charge. The prosecutor was not indicating that he would choose between two penalties and select the more severe; rather, a more severe penalty would be the unavoidable consequence of his proper effort to gain a federal sale and possession conviction in lieu of a state conviction for the same offense.

### III

In the absence of a threat or evidence of hostility, no vindictive prosecution occurred in this case, despite the ultimate inclusion in the federal indictment of new charges of conspiracy and aiding and abetting interstate travel to promote illegal activity.

The role of a separate sovereign in bringing the increased charges minimizes the likelihood of prosecutorial abuse. *Cf. United States v. Robison*, 644 F.2d 1270, 1272 (9th Cir.1981) ("the involvement of separate sovereigns tends to negate a vindictive prosecution claim."). Since prosecutorial abuse is unlikely and direct evidence of expressed hostility or threat is absent, the appellants were initially required to establish an "appearance of vindictiveness" by showing that the federal travel and conspiracy charges were added *because* of the attempt to dismiss the state indictment. *See United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168–69 (9th Cir.1982). The district court, 578 F.Supp. 899, found that, "the evidence establishes conclusively that

the independent judgment of two separate prosecutorial agencies are involved." We see no basis on which this finding can be disturbed.

JUDGMENT AFFIRMED.