951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Billy Joe ASHE, Defendant-Appellant.
 No. 90-50030.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1991.
Decided Dec. 26, 1991.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Billy Joe Ashe appeals from a conviction for violation of 18 U.S.C. § 922(g)(1) (felon in possession of firearm) and sentence under 18 U.S.C. § 924(e)(1) (Armed Career Criminal Act sentence enhancement).
 
 
 3
 The conviction for felon in possession of a firearm grew out of an episode that occurred on March 30, 1989, during an altercation with Charles Price. This conviction was obtained after a second trial on the charge. The first trial resulted in a hung jury.
 
 
 4
 The dispositive issue in this appeal is whether the district court erred in admitting evidence of a separate episode, occurring on April 21, 1989, in which the defendant again allegedly possessed a weapon. This evidence was not offered by the government during the first trial. Despite limiting instructions, it bore adversely on the defendant's character when presented during the second trial.
 
 
 5
 The defense's theory during the first trial was self-defense, which it based principally upon exculpatory statements the defendant made while under arrest which were placed into evidence through the cross-examination of officers who had him in custody. Before the second trial began, the government made clear to both defense counsel and the court that it intended to offer evidence of the April 21 episode. The defense counsel objected on the ground that it was not proper evidence under Federal Rule of Evidence 404(b) and would be highly prejudicial. The district court ruled that the evidence was admissible on the ground that it could be used to rebut the defendant's claim of self-defense.
 
 
 6
 The following morning, however, just before trial was to begin, the government moved to prevent cross-examination about the exculpatory statements which had formed the backbone of the self-defense claim at the prior trial. The district court granted the motion. Defense counsel did not at that time object to the government's motion on the ground that granting it would be inconsistent with the district court's ruling the day before on the 404(b) motion. Defense counsel did object, however, before any witness testified concerning the April 21 episode, noting that the evidence "is not at all relevant unless I can get in my self-defense theory which means I have to get in my statements [that Ashe made to the police officers]." The government then offered justifications other than rebuttal of self-defense for the admission of the April 21 evidence. While rejecting these other justifications, the district court ruled the evidence admissible only for the purpose of rebutting Ashe's claim of self-defense. The evidence was permitted to come in during the government's case in chief. In the end, however, the defense was unable to put on any credible evidence of self-defense.
 
 
 7
 The district court's ruling with respect to the April 21 evidence was, understandably, colored by its recollection of the first trial and the strength with which the defense had urged its theory of self-defense. In ruling upon the admissibility of the evidence under Rule 404(b), however, the district court was required to weigh the probative value against the prejudice, and to do so in the light of the conditions that existed during the second trial. Because during the second trial there was virtually no evidence that Ashe had cause to fear Price or that Ashe was motivated by concerns for his own safety, the April 21 episode had no probative value as rebuttal to self-defense evidence. Its prejudicial nature, on the other hand, is clear. Even evidence offered for a proper purpose under Rule 404(b) "may still be excluded if under ... [a Rule 403] analysis its probative value is substantially outweighed by the danger of unfair prejudice." United States v. Bibo-Rodriguez, 922 F.2d 1398, 1401 (9th Cir.), cert. denied, 111 S.Ct. 2861 (1991).
 
 
 8
 On appeal the government again contends that the April 21 evidence was admissible for reasons other than rebuttal of self-defense. It asks that we uphold the district court's exercise of discretion on those grounds. The district court, however, made it clear that the evidence was admitted solely for purposes of self-defense rebuttal and indeed instructed the jury that it was to consider it only for that purpose. The district court clearly did not abuse its discretion in refusing to admit the evidence on any of the affirmative grounds contemplated by Rule 404(b).
 
 
 9
 The only remaining issue raised by the appellant which we need to decide is the challenge to the filing of the complaint as selective and vindictive prosecution. This contention is without merit. Congress enacted the Armed Career Criminal Act precisely to impose stiff penalties on felons who possess firearms. The existence of comparable state crimes bearing lesser penalties in no way undercuts the discretion of federal prosecutors to pursue a conviction under the Act. To prevail on a claim of vindictive prosecution, Ashe must demonstrate that he was indicted on a more serious charge because he exercised a statutory or constitutional right. United States v. Ballester, 763 F.2d 368, 369 (9th Cir.), cert. denied, 474 U.S. 842 (1985). Ashe offers no such evidence.
 
 
 10
 The conviction and sentence are REVERSED and the matter is REMANDED for a new trial.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3