988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Theodore SHEEDER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey Lee BARNETT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Carl HACKLER, Defendant-Appellant.
 Nos. 92-30031, 92-30035 and 92-30042.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 7, 1993.*
Decided: Feb. 19, 1993.
 
 Appeal from the United States District Court for the District of Oregon; Nos. CR-91-163-1-OMP, CR-91-163-3-OMP and CR-91-00163-OMP, Owen M. Panner, Chief District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before D.W. NELSON, TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Co-defendants John Theodore Sheeder (No. 92-30031), Jeffrey Barnett (No. 92-30035) and Joseph Carl Hackler (No. 92-30042) appeal their conditional guilty plea convictions and their sentences under the Sentencing Guidelines for conspiracy to manufacture, distribute and possess with intent to distribute more than 100 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and 846.
 
 
 3
 * AUTOMOBILE EXCEPTION
 
 
 4
 Appellants argue the district court erred in denying their motions to suppress evidence discovered as a result of an illegal warrantless automobile search.
 
 
 5
 The lawfulness of an automobile search is a mixed question of law and fact reviewed de novo. United States v. Bagley, 772 F.2d 482, 489 (9th Cir.1985), cert. denied, 475 U.S. 1023 (1986).
 
 
 6
 A warrantless search or seizure of a vehicle lawfully parked in a public place is justified if the police have probable cause to believe the vehicle contains contraband or evidence of a crime. Id. at 490.
 
 
 7
 Detective Hill and Officer Brown had probable cause to believe the U-Haul contained contraband based on their knowledge that: (1) there was unusually high power consumption at the residence; (2) Appellants had contacted a company which sells lights typically used in growing marijuana; (3) one of the Appellants paid a large electric bill with case; (4) the same Appellant gave a false explanation for the enormity of the bill; (4) there were marijuana charges against two of the Appellants; (5) Appellants were preparing to move the operation as evidenced by the dramatic drop in power usage and movement of the vans; and (6) there were suspicious circumstances surrounding the rental of the U-Haul as evidenced by cash payment and the reluctance of the renters to give personal information.
 
 
 8
 Appellants' argument that the automobile exception is inapplicable because the vehicles were not mobile at the time the officers first encountered them was rejected by United States v. Bagley where this court held "probable cause alone suffices to justify a warrantless search of a vehicle lawfully parked in a public place, as long as the scope of the search is reasonable." Id. at 491 (emphasis in original) (citing California v. Carney, 471 U.S. 386 (1985)).
 
 
 9
 Appellants' contention that the automobile exception is inapplicable because the police had ample opportunity to obtain a search warrant is unsupported by federal law, and contradicted by the inability of Detective Hill to complete the draft of an application for a search warrant due to the movement of the vehicles.
 
 
 10
 Because the officers had probable cause to believe the U-Haul contained contraband, the district court properly denied Appellants' motions to suppress.
 
 II
 VINDICTIVE PROSECUTION
 
 11
 Appellants claim the district court erred in denying their motions to dismiss for vindictive prosecution. They allege the state and federal prosecutors brought the federal cause of action, which carries higher penalties, in retaliation for Appellants' exercise of their right to raise constitutional issues in the state suppression motions.
 
 
 12
 The standard of review in a vindictive prosecution case is unclear in this circuit; some cases have applied an abuse of discretion standard, others have applied the clearly erroneous standard, and others have reviewed de novo. United States v. Osif, 789 F.2d 1404, 1405, 1405 n. 1 (9th Cir.1986). We affirm the district court's decision regardless of our standard of review.
 
 
 13
 Vindictive prosecution occurs where "charges of increased severity were filed because the accused exercised a statutory, procedural or constitutional right...." United States v. Gallegos-Curiel, 681 F.2d 1164, 1168 (9th Cir.1982). To establish a prima facie case, Appellants "must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such." United States v. Sinigaglio, 942 F.2d 581, 584 (9th Cir.1991).
 
 
 14
 The appearance of vindictiveness test is not a per se rule striking down any increased charge following any act by the defendant.... [T]he link of vindictiveness cannot be inferred simply because the prosecutor's actions followed the exercise of a right, or because they would not have been taken but for exercise of a defense right.
 
 
 15
 Gallegos-Curiel, 681 F.2d at 1168. "The role of a separate sovereign in bringing the increased charges minimizes the likelihood of prosecutorial abuse." United States v. Ballester, 763 F.2d 368, 370 (9th Cir.), cert. denied, 474 U.S. 842 (1985); accord United States v. Robison, 644 F.2d 1270, 1273 (9th Cir.1981) ("the involvement of separate sovereigns tends to negate a vindictive prosecution claim.")
 
 
 16
 In the present case, there is no direct evidence of expressed hostility or threat, and Appellants fail to show an appearance of vindictiveness. The predicate of a federal vindictive prosecution claim is that the federal prosecutor must be vindictively motivated. Here the Assistant United States Attorney prosecuting the case was unaware that the suppression motions were pending and, therefore, could not have had a vindictive motive for prosecuting the case. Although there is no indication that the state prosecutor was vindictively motivated, such consideration is irrelevant to the federal claim.
 
 III
 SENTENCING
 A. Appellant Barnett
 
 17
 Appellant Barnett argues his sentence should be vacated because (1) there was insufficient evidence to support the district court's finding that he was an organizer pursuant to U.S.S.G. § 3B1.1; and (2) the district court failed to make specific findings of fact concerning controverted statements in the Presentence Report as required by Fed.R.Crim.P. 32(c)(3)(D).
 
 1. Sufficiency of Evidence
 
 18
 Whether Barnett was an organizer pursuant to U.S.S.G. § 3B1.1 is a question of fact reviewable under the clearly erroneous standard. United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990). In order for § 3B1.1 to apply, Barnett "must have exercised some control over others involved in the commission of the offense or he must have been responsible for organizing others for the purpose of carrying out the crime." Id. (quotation omitted). The government must prove circumstances justifying the upward adjustment by a preponderance of the evidence. United States v. Wilson, 900 F.2d 1350, 1354 (9th Cir.1990).
 
 
 19
 There was sufficient evidence before the district court to support its finding that Appellant Barnett was a "leader or organizer of the conspiracy," pursuant to U.S.S.G. § 3B1.1. The Presentence Report, adopted by the district court, stated that Barnett organized the marijuana growth and paid Sheeder and Hackler for their work. The transcript of Ms. Ordway's grand jury testimony indicated Barnett used physical force and threats with regard to the grow operation, that he sold the marijuana and had direct contact with the buyers, that he controlled the operation, and that he decided when and where to move the operation. In addition, the transcript of the grand jury testimony of David Kester, an unindicted participant in the grow operation, indicated that Hackler and Sheeder "helped" Barnett distribute and sell. The district court's Findings of Fact Order indicated the court considered Barnett's allegation that he was on equal footing with the co-defendants, but chose to accept the version presented in the Presentence Report. Given the inculpatory evidence before the district court, its finding that Barnett was an "organizer" pursuant to U.S.S.G. § 3B1.1 is not clearly erroneous.
 
 2. Fed.R.Crim.P. 32
 
 20
 Appellant Barnett claims the district court violated Fed.R.Crim.P. 32(c)(3)(D) by failing to make specific factual findings that was an organizer of the conspiracy and that there were 2,107 marijuana plants found in the U-Haul.
 
 
 21
 Fed.R.Crim.P. 32(c)(3)(D)[1] requires that the district court make specific findings of fact as to contested matters in the Presentence Report. "The district court satisfies the above requirement by adopting the conclusions in the [Presentence Report]," United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990), so long as the court indicates it considered the defendant's objection to the report, United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990). Accord United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990).
 
 
 22
 The district court's Findings of Fact Order expressly considered Barnett's objections, but adopted the findings of the Presentence Report. As in Rosales, the district court in the present case was presented with the Presentence Report and the defendant's objections to it, gave the defendant an opportunity to argue these objections at sentencing, and adopted the Presentence Report recommendation. See Rosales, 917 F.2d at 1222. Thus, under Rosales, the district court did not violate Fed.R.Crim.P. 32(c)(3)(D).
 
 B. Appellants Sheeder and Hackler
 
 23
 Appellants Sheeder and Hackler appeal the district court's refusal to depart downward at sentencing.
 
 
 24
 A district court's discretionary refusal to depart downward is not reviewable. United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990).
 
 
 25
 Appellants contend the court's decision is reviewable because the court did not exercise its discretion but, rather, believed it lacked authority to depart. See, e.g., United States v. Martin, 938 F.2d 162 (9th Cir.1991), cert. denied, 112 S.Ct. 1679 (1992). To support their allegation, Appellants cite to the court's statement during sentencing, "I'm reluctant to see these young men with no prior criminal record incarcerated for the length of time the guidelines would seem to require, but I can't find any legal basis for a downward departure." (emphasis added).
 
 
 26
 We find that this statement does not indicate the court believed it lacked authority to depart, rather that it chose not to depart. Any possible ambiguity in the quoted statement is clarified by the court's Findings of Fact Order which states, "The court finds no grounds for a downward departure." (emphasis added).
 
 
 27
 Because the district court's refusal to depart was discretionary, this court lacks jurisdiction to consider the merits of this issue.
 
 IV
 APPELLANT BARNETT'S PRO SE BRIEF
 
 28
 Appellant Barnett raises five additional issues in his pro se supplemental brief which are raised for the first time on appeal.
 
 
 29
 Issues raised on appeal for the first time are reviewed for plain error. United States v. Anguiano, 873 F.2d 1314, 1319 (9th Cir.), cert. denied, 493 U.S. 969 (1989).
 
 
 30
 Barnett first claims the district court erred in failing to suppress statements made to police at the time of his arrest because they were obtained after he invoked his right to counsel. Barnett failed to present evidence to contest Detective Hill's affidavit which indicates Barnett did not request counsel prior to making incriminating statements.
 
 
 31
 Barnett's claim that the police destroyed evidence is similarly unsupported by evidence, although Barnett had ample opportunity to develop the facts below.
 
 
 32
 Barnett's contention that the state prosecutor violated his Fourteenth Amendment right to equal protection is inapplicable to his federal appeal.
 
 
 33
 Barnett's case was resolved well within the parameters of the Speedy Trial Act, 18 U.S.C. § 3161 et seq.
 
 
 34
 And, finally, Barnett was not subject to double jeopardy because there was no connection between the driving offense to which he pleaded guilty in state court and the marijuana charges to which he pleaded guilty in federal court.
 
 
 35
 The district court did not plainly err in deciding any of these matters.
 
 
 36
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 32(c)(3)(D) provides, in part:
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them alleged any factual inaccuracy in the presentence investigation report ... the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.