97 F.3d 1463
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Keith WALKER, Sr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Floyd Lloyd WELLS, Defendant-Appellant.
 No. 96-15230, 96-15343.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 26, 1996.
 
 Before: FLETCHER, BRUNETTI, and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnny Keith Walker and Floyd Lloyd Wells appeal pro se the district court's denial of their 28 U.S.C. § 2255 motions to vacate their sentences for firearm possession by a felon in violation of 18 U.S.C. § 922(g)(1). Walker and Wells contend that: (1) the decision to prosecute in federal rather than state court was vindictive; and (2) the district court erred by not granting an evidentiary hearing. We have jurisdiction pursuant to 21 U.S.C. §§ 1291 and 2255. We review de novo the district court's denial of a section 2255 motion, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 Both Walker and Wells assert that the State's dismissal of its prosecution in favor of a federal prosecution that would carry a higher penalty was vindictive because it occurred after the entry of their not guilty pleas and their filing of motions to dismiss their indictments.
 
 
 4
 "To establish a claim of vindictiveness the defendant must make an initial showing that charges of increased severity were filed because the accused exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness." United States v. Noushfar, 78 F.3d 1442, 1446 (9th Cir.1995) (quotation omitted); see also United States v. Montoya, 45 F.3d 1286, 1299 (9th Cir.), cert. denied, 116 S.Ct. 67 (1995). We have previously held that "the involvement of separate sovereigns tends to negate a vindictive prosecution claim." United States v. Robison, 644 F.2d 1270, 1273 (9th Cir.1981); see also United States v. Ballester, 763 F.2d 368, 370 (9th Cir.) (per curiam), cert. denied, 474 U.S. 842 (1985).
 
 
 5
 Here, neither Walker nor Wells has presented evidence sufficient to establish a prima facie case of prosecutorial vindictiveness. Their contentions are premised on the timing of the State's dismissal of its case in light of the pre-trial assertion of their rights to plead not guilty and to dismiss the indictment; however, the nature of those rights and of the State's timing of its decision do not suffice to raise a presumption of vindictiveness. See United States v. Goodwin, 457 U.S. 368, 381-82 (1982) (noting that defendants routinely seek trial by jury and file pretrial motions and it is therefore unrealistic to assume that prosecutor's response is punitive); Noushfar, 78 F.3d at 1446. Their arguments are further weakened by the fact that two separate sovereigns were involved in their prosecution. See Robison, 644 F.2d at 1273. Because Walker and Wells have failed to make a prima facie showing of vindictiveness, the district court did not err by denying their section 2255 motions. See Noushfar; 78 F.3d at 1446; Montoya, 45 F.3d at 1286, 1299.
 
 
 6
 Because their vindictive prosecution claims are without merit, the district court also did not err by failing to hold an evidentiary hearing regarding this issue. See Quintero v. United States, 33 F.3d 1133, 1135 (9th Cir.1994) (per curiam).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 These dispositions are not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court's decision under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal