**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4443

AHMED YOUNG, a/k/a Touche,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-97-404)

Submitted: May 28, 1999

Decided: June 18, 1999

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Larry C. Brown, Jr., LARRY C. BROWN JR., P.C., Alexandria, Vir-
ginia, for Appellant. Helen F. Fahey, United States Attorney, LeDora
Knight, Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ahmed Young was convicted by a jury of distributing crack cocaine to an undercover officer in Fairfax County, Virginia, in December 1995, see 21 U.S.C. § 841(a) (1994),* and sentenced to a term of 121 months imprisonment. Young appeals his conviction, alleging that the district court should have granted his motion to dismiss the prosecution and set aside his conviction on grounds of vindictive prosecution. He also appeals his sentence, contending that the district court clearly erred in finding that he obstructed justice by committing perjury at trial, see U.S. Sentencing Guidelines Manual § 3C1.1 (1997), and erred in deciding not to depart on various grounds. We affirm in part and dismiss in part.

At Young's trial, the undercover officer testified that he bought crack from Young on December 7, 1995. Robert Coleman and Jessie Fields, who were both serving federal sentences for drug trafficking, testified about prior crack transactions they had engaged in with Young. Over Young's objection, the district court considered those amounts of crack as well as the amount sold to the undercover officer in calculating Young's sentence, finding that they were part of the same course of conduct. See USSG § 1B1.3(a)(2). The factors to be considered in determining whether prior conduct is part of the same course of conduct as the offense of conviction are the similarity and regularity of the offenses, as well as the time interval between the prior conduct and the instant offense. See id. , comment. (n.9(B)). The court found that the regularity and similarity of the offenses was strong because the offenses were essentially identical (sales of crack to street dealers along the Richmond Highway and purchases of more

_____

*This charge was originally Count 3 of the indictment, but was relabeled Count 2 after the original Count 2 was dismissed. Young was acquitted of Count 1.

2

crack to sell to those dealers) and that there were numerous repetitions of the offenses. The court found that Young's activities were part of an ongoing series of offenses and that a total of 98.07 grams of crack were properly attributed to him. We find that the court's finding was not clearly erroneous.

Next, Young contests the district court denial of his motion to dismiss for vindictive prosecution based on: (1) his acquittal in state court on similar drug charges before he was federally indicted, and (2) the fact that the others arrested about the same time as he all entered guilty pleas in state court and were not federally prosecuted. It is a violation of due process to punish a defendant for successfully attacking his criminal conviction. See United States v. Williams, 47 F.3d 658, 660 (4th Cir. 1995) (citing Bordenkircher v. Hayes, 434 U.S. 357, 368 (1978)). However, when a defendant alleges vindictive prosecution, he must make "a threshold showing of vindictiveness or the likelihood of it before the court is justified in inquiring into the prosecutor's actual motives." United States v. Gallegos-Curiel, 681 F.2d 1164, 1169 (9th Cir. 1982). The prohibition against retaliation or vindictiveness for the exercise of constitutional rights, as well as the appearance of vindictiveness, forbids a prosecutor from seeking a harsher sentence upon retrial, see North Carolina v. Pearce, 395 U.S. 711, 725 (1969), or from reindicting a defendant on more serious charges after a successful appeal. See Blackledge v. Perry, 417 U.S. 21, 27 (1974).

But "vindictiveness cannot be inferred simply because the prosecutor's actions followed the exercise of a right, or because they would not have been taken but for exercise of a defense right." Gallegos-Curiel, 681 F.2d at 1168 (citing United States v. Robison, 644 F.2d 1270, 1273 (9th Cir. 1981)). Moreover, the fact that a second prosecution is brought by a federal prosecutor, even if the indictment is based on the same facts as a prior state prosecution,"tends to negate a vindictive prosecution claim." Robison, 644 F.2d at 1273. See also United States v. Ballester, 763 F.2d 368 (9th Cir. 1985). In this case, the state and federal investigations had proceeded independently for several years before Young's arrest. Moreover, several of Young's associates had already been federally prosecuted. After considering the circumstances, the district court decided that vindictiveness could

3

not be inferred from the federal prosecutor's decision to indict Young. We find no error in the court's decision.

We review the district court's finding that Young obstructed justice by giving perjured testimony at trial for clear error. See United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995). Although Young's trial testimony is not included in the joint appendix, he does not dispute the district court's finding that he denied any involvement with drug trafficking and denied selling crack to the undercover officer. On these facts, we cannot say that the district court clearly erred in making the adjustment. Last, Young argues that the district court should have departed downward because of the increased sentence he received based on the consideration of drug amounts outside the offense of conviction despite his prior acquittal in state court on similar charges. The district court's decision not to depart is not reviewable. See United States v. Brock, 108 F.3d 31, 33 (4th Cir. 1997); United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990).

We therefore affirm the conviction and the sentence. We dismiss the portion of the appeal which challenges the district court's decision not to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

4