**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 14-4481**

―――――――

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

        v.

ROLAND SYLVESTER COOPER,

                    Defendant - Appellant.

―――――――

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.   Malcolm J. Howard,
Senior District Judge.   (4:12-cr-00110-H-1)

―――――――

Submitted:  June 25, 2015            Decided:  June 29, 2015

―――――――

Before GREGORY, FLOYD, and THACKER, Circuit Judges.

―――――――

Affirmed by unpublished per curiam opinion.

―――――――

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton,
North Carolina, for Appellant. Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney,
Assistant United States Attorneys, Raleigh, North Carolina, for
Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roland Sylvester Cooper appeals from his conviction and 108-month sentence for distribution of a quantity of marijuana, distribution of a quantity of cocaine and cocaine base, and knowingly selling a firearm to a convicted felon. Cooper argues that his due process rights were violated by a vindictive prosecution and that his sentence is procedurally and substantively unreasonable. Finding no error, we affirm.

First, Cooper contends that he was subject to vindictive prosecution, in violation of the Fifth Amendment. As grounds for this claim, Cooper contends that the local sheriff's department targeted him for a federal prosecution in retaliation for a complaint he filed against a local police officer related to injuries he sustained when an officer used a taser on him. Cooper did not assert this claim in the district court, therefore it is reviewed for plain error. See United States v. Olano, 507 U.S. 725, 732 (1999). To establish prosecutorial vindictiveness, a defendant must show that the prosecutor acted with genuine animus toward the defendant, and the defendant would not have been prosecuted but for that animus. United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001). If a defendant cannot produce direct evidence of a vindictive motive, he can establish a rebuttable presumption of vindictiveness by showing that a "reasonable likelihood of vindictiveness exists." United States v. Goodwin,

2

457 U.S. 368, 373 (1982).  If he succeeds, the burden then shifts to the Government to present objective evidence justifying its conduct.  Id. at 374.  The evidence is viewed, however, in the context of the "presumption of regularity" that attends decisions to prosecute. United States v. Armstrong, 517 U.S. 456, 464 (1996) (citation omitted).  Thus, "in the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in his discretion." Id. (internal quotations omitted).

We note at the outset that most successful vindictive prosecution claims involve retaliatory prosecutions by the same sovereign that earlier brought the defendant to trial. See, e.g., Goodwin, 457 U.S. at 381.  Here, however, the alleged vindictive prosecution was brought by a different sovereign altogether. See United States v. Robison, 644 F.2d 1270, 1273 (9th Cir. 1981) (expressing "doubt as to whether a prosecution could be condemned as 'vindictive' when the defendant's claim is that one sovereign is punishing him for rights he asserted against a different sovereign").

Even if we were to assume there was some evidence of animus on the part of local law enforcement in referring Cooper for federal prosecution, there is no evidence to suggest that the Government official who actually made the decision to prosecute Cooper was motivated by any impermissible consideration.  And we

3

will not "impute the unlawful biases of the investigating agents to the persons ultimately responsible for the prosecution." United States v. Hastings, 126 F.3d 310, 314 (4th Cir. 1997).

Finally, objective evidence in the record clearly supports the Government's decision to prosecute Cooper in federal court. Given the facts adduced at trial, the Government had probable cause to believe that Cooper committed the charged offenses. Armstrong, 517 U.S. at 464. Accordingly, Cooper's vindictive prosecution claim fails.

Next, Cooper raises sentencing challenges. He argues that the district court procedurally erred in determining drug quantity, applying a firearm enhancement, and in failing to adequately explain its sentence. Cooper also asserts that the sentence is substantively unreasonable because it is greater than necessary to comply with the purposes of sentencing. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). The court first reviews for significant procedural error, and if the sentence is free from such error, it then considers substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. Id. To adequately explain the sentence, the

4

district court must make an "individualized assessment" by applying the relevant § 3553(a) factors to the case's specific circumstances. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The individualized assessment need not be elaborate or lengthy, but it must be adequate to allow meaningful appellate review. Id. at 330. Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the properly-calculated Guidelines range, this court applies a presumption of reasonableness. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

The Government must prove the drug quantity attributable to the defendant by a preponderance of the evidence. United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002). The district court may rely on drug-related facts included in the presentence investigation report unless the defendant shows that information is inaccurate or unreliable. Id. A district court's findings regarding drug quantity are generally factual in nature, and therefore are reviewed by this court for clear error. Id.

The district court properly found by a preponderance of the evidence that Cooper was responsible for the equivalent of 692 grams of marijuana. Carter, 300 F.3d at 425. The court's finding is supported by information contained in the presentence investigation report, testimony from investigating agents and cooperating witnesses, and by the physical evidence obtained in

controlled buys.  We therefore conclude that the district court did not clearly err in calculating Cooper's drug quantity.

We next consider Cooper's challenge to the application of a two-level sentencing enhancement for possessing a dangerous weapon. Section 2D1.1(b)(1) of the Sentencing Guidelines provides for a two-level enhancement where a dangerous weapon, such as a firearm, was possessed.  The district court decides whether to apply the enhancement by a preponderance of the evidence, and its findings ordinarily will be reversed only if clearly erroneous. United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990).  We conclude that the district court properly applied the firearm enhancement.  Ample evidence supported the enhancement, including evidence that Cooper conducted some of the drug transactions from his home where firearms were kept, that a firearm was found at his home, and that Cooper sold the cooperating witness a firearm in the course of a drug transaction.

Cooper also argues that the district court did not give sufficient reasoning why it did not grant his request for a low-end Guidelines sentence.  Here, the district court listened to Cooper's argument for a reduction based on Cooper's age, mental competence, and that he was low-level dealer.  In imposing the sentence, the court stated that it was sentencing Cooper at the lower end of the Guidelines range in light of the significant penalties associated with the range and, in fact, granted a downward variance based on

6

proposed changes to the drug table, and noted Cooper's personal and criminal history. The court explicitly stated that it had considered the Sentencing Reform Act of 1984. We conclude that the court sufficiently considered Cooper's request for a low-end sentence and its reasoning was adequate to permit meaningful review. See United States v. Worley, 685 F.3d 404, 410 (4th Cir. 2012) (explaining that while the district court did not explicitly address most of the defendant's arguments about postsentencing rehabilitation, the court has "never required a sentencing court to discuss each § 3553(a) factor in a 'checklist fashion'" (citation omitted)). Therefore, we find no procedural error. Further, Cooper has not rebutted the presumption of reasonableness attributed to within-Guidelines sentences. See Strieper, 666 F.3d at 295. Accordingly, we affirm the sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7