NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10094 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00324-JAM-1 |
| v. | |
| PHILLIP DALE SELFA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted February 16, 2018**
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and LASNIK,*** District Judge.

In May 2011, a joint state-federal taskforce apprehended appellant Philip

Selfa for a string of bank robberies. In state court, Selfa successfully challenged a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

three-strikes designation, reducing his sentencing exposure from a minimum sentence of twenty-five years to a maximum sentence of ten years. Weeks later, the United States brought federal charges and the state charges were dismissed. Selfa pleaded guilty and was sentenced to 188 months in prison. He filed this appeal challenging the validity of his convictions on the ground of vindictive prosecution, alleging that the federal charges against him were brought in retaliation for the successful challenge of his three-strikes designation in state court.

The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We review the district court's factual findings for clear error and its application of the law *de novo*. *United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011).[1]

Due process prohibits prosecutors from punishing a person solely for exercising a statutory or constitutional right. *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). In the absence of direct evidence, a court may presume vindictiveness if the circumstances show a "reasonable likelihood" it existed.

---

[1] The government asserts that Selfa waived this issue by entering a guilty plea without conditioning it on his right to raise vindictive prosecution on appeal. Before pleading guilty, Selfa unsuccessfully moved to dismiss his charges on vindictiveness grounds and sought interlocutory appeal of the district court's denial. He again raised the issue in this appeal the day after his sentencing hearing. Given those facts and our previous explanation that "the merits of a vindictive prosecution claim are reviewable even after entry of an unconditional plea," *United States v. Brown*, 875 F.3d 1235, 1238 (9th Cir. 2017), we find no reason to refuse to consider Selfa's argument on waiver grounds.

*United States v. Goodwin*, 457 U.S. 368, 373 (1982).

Circumstances establishing a presumption of vindictiveness generally involve multiple opportunities for punishment before the same judge, prosecutor, or sovereign. *See id.* at 383 (citing examples of a judge or prosecutor's "personal stake" in avoiding retrial, institutional bias against "retrial of a decided question," and efforts to deter defendants from exercising a right). In cases involving separate sovereigns,[2] we have expressed doubt whether one sovereign's prosecution can be vindictive when it is alleged to have punished a defendant for rights he asserted against a different sovereign. *United States v. Robison*, 644 F.2d 1270, 1273 (9th Cir. 1981). We have not ruled out vindictive prosecution claims in separate-sovereign cases, but we have held "that the involvement of separate sovereigns tends to negate a vindictive prosecution claim." *Id.*

We have also held that harsher federal penalties constitute a legitimate reason for bringing federal charges. *United States v. Nance*, 962 F.2d 860, 865 (9th Cir. 1992). "Unless a defendant can prove that the decision to initiate federal prosecution is arbitrary, capricious, or based on race, religion, gender, or similar suspect characteristics, there are no grounds for finding a due process violation, even when the motive for federal prosecution is that harsher sentences are

---

[2] Apart from the vindictiveness context, successive prosecutions for the same conduct by separate sovereigns is an otherwise constitutional exercise of sovereign power. *Heath v. Alabama*, 474 U.S. 82, 87 (1985).

possible." *Id.* (citation omitted).

Here, the district court did not err in denying Selfa's motion to dismiss. Selfa cites no direct evidence of vindictiveness, and the circumstances do not suggest a reasonable likelihood it existed. There was no retrial to impact federal prosecutors' personal stake or trigger institutional bias against repeated proceedings. Additionally, it makes little sense that federal prosecutors would try to deter Selfa's challenge to his recidivist designation. Indeed, a future defendant in his situation would have no reason to be deterred because the challenge actually resulted in a less harsh sentencing exposure.

Selfa argues the timing of the federal charges indicates the United States only charged him because he prevailed in his state-court challenge. Before the district court, the United States asserted that the state proceedings did not impact the decision to bring federal charges, and there is no evidence that the federal charges were motivated by anything other than vindicating federal interests. In any event, case law suggests there would be no basis for a vindictive prosecution claim even were Selfa's reduced sentencing exposure a factor. *See id.*

**AFFIRMED.**

4